## H. M. BEASLEY v. HENRY EDWARDS.

(Filed 17 March, 1937.)

**Animals § 2—**

Where a party lawfully impounds a sow, sells same under provisions of a recorder's judgment, and pays himself his lawful fees for impounding the sow and his damages caused by the sow, and pays to the owner the amount due him out of the purchase price, C. S., 1850, 1851, the owner may not complain.

BYRD v. MYERS.

APPEAL by plaintiff from *Cranmer, J.*, at September Term, 1936, of JOHNSTON. Affirmed.

This is an action to recover possession of a red sow, described in the complaint.

From judgment on the pleadings and on admissions at the trial, dismissing the action, the plaintiff appealed to the Supreme Court, assigning error in the judgment.

*Otis L. Duncan, Parker & Lee for plaintiff.*
*A. M. Noble for defendant.*

PER CURIAM. It appears from allegations in the complaint which are admitted in the answer that on or about 1 November, 1935, the defendant lawfully impounded one red sow, which was owned by the plaintiff, and held the said sow in his possession until his lawful fees and damages caused by the sow were paid by the plaintiff. C. S., 1850.

It was admitted at the trial that since the commencement of the action, the defendant has sold the sow, as authorized by a judgment of the recorder's court of Johnston County, and out of the proceeds of said sale has paid to himself his lawful fees for impounding the said sow, and his damages caused by the sow. Plaintiff now has the sow in his possession, and defendant has paid to plaintiff the amount due him out of the purchase price at the sale. C. S., 1851.

There is no error in the judgment dismissing the action. It is
Affirmed.